## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case No. 23-cv-1014 (PJS/DJF) |
| Plaintiff, | |
| v. | |
| John Doe subscriber assigned IP address 24.118.118.215, | |
| Defendant. | |

---

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case No. 23-cv-1017 (PJS/DJF) |
| Plaintiff, | |
| v. | |
| John Doe subscriber assigned IP address 73.164.27.206, | |
| Defendant. | |

---

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case No. 23-cv-1019 (PJS/DJF) |
| Plaintiff, | |
| v. | |
| John Doe subscriber assigned IP address 69.180.154.71, | |
| Defendant. | |

---

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case No. 23-cv-1021 (PJS/DJF) |
| Plaintiff, | |
| v. | |
| John Doe subscriber assigned IP address 204.209.14.54, | |
| Defendant. | |

---

Strike 3 Holdings, LLC,

                          Plaintiff,

Case No. 23-cv-1024 (PJS/DJF)

v.

John Doe subscriber assigned IP address
73.65.18.61,

                          Defendant.

---

Strike 3 Holdings, LLC,

                          Plaintiff,

Case No. 23-cv-1026 (PJS/DJF)

v.

John Doe subscriber assigned IP address
72.50.210.100,

                          Defendant.

---

Strike 3 Holdings, LLC,

                          Plaintiff,

Case No. 23-cv-1027 (PJS/DJF)

v.

John Doe subscriber assigned IP address
198.74.4.193,

                          Defendant.

---

Strike 3 Holdings, LLC,

                          Plaintiff,

Case No. 23-cv-1164 (PJS/DJF)

v.

John Doe subscriber assigned IP address
73.185.140.128,

                          Defendant.

Strike 3 Holdings, LLC,                                    Case No. 23-cv-1165 (PJS/DJF)

                Plaintiff,

v.

John Doe subscriber assigned IP address
23.88.132.19,

                Defendant.

---

Strike 3 Holdings, LLC,                                    Case No. 23-cv-1167 (PJS/DJF)

                Plaintiff,

v.

John Doe subscriber assigned IP address
75.72.247.49,

                Defendant.

---

Strike 3 Holdings, LLC,                                    Case No. 23-cv-1168 (PJS/DJF)

                Plaintiff,

v.

John Doe subscriber assigned IP address
66.188.194.158,

                Defendant.

---

Strike 3 Holdings, LLC,                                    Case No. 23-cv-1169 (PJS/DJF)

                Plaintiff,

v.

John Doe subscriber assigned IP address
96.42.102.222,

                Defendant.

---

Strike 3 Holdings, LLC,

          Plaintiff,

v.

John Doe subscriber assigned IP address
76.113.240.67,

          Defendant.

Case No. 23-cv-1171 (PJS/DJF)

---

Strike 3 Holdings, LLC,

          Plaintiff,

v.

John Doe subscriber assigned IP address
73.164.62.34,

          Defendant.

Case No. 23-cv-1172 (PJS/DJF)

---

## OMNIBUS ORDER

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Ex Parte Motions for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference, which Strike 3 filed in fourteen separate cases in the District of Minnesota. Strike 3 alleges similar claims of copyright infringement in each case, and the motions Strike 3 filed in these cases are substantively the same. Therefore, the Court addresses each of the fourteen motions in a single Omnibus Order.[1]

---

[1] In March 2023, Strike 3 filed fifteen nearly identical cases against John Doe defendants in this District. *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-573 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-574 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-575 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-576 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-578 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-584 (PJS/DJF); *Strike 3 Holdings, LLC v.*

## BACKGROUND

In April 2023, Strike 3 filed fourteen cases against John Doe defendants in the District of Minnesota: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1014 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1017 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1019 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1021 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1024 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1026 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1027 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1164 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1165 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1167 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1168 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1169 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1171 (PJS/DJF); and *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1172 (PJS/DJF).[2]

---

*Doe*, No. 23-cv-585 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-586 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-587 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-588 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-590 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-591 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-592 (PJS/DJF); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-593 (PJS/DJF); and *Strike 3 Holdings, LLC v. Doe*, No. 23-cv- 594 (PJS/DJF). In each of those cases, Strike 3 also filed a substantively similar Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (*See, e.g.*, *Strike 3 v. Doe*, No. 23-cv-573 (PJS/DJF), (ECF No. 8). The Court addressed those motions in an Omnibus Order on March 31, 2023. *Strike 3 v. Doe*, Civ. Nos. 23-573 (PJS/DJF), 23-574 (PJS/DJF), 23-575 (PJS/DJF), 23-576 (PJS/DJF) , 23-578 (PJS/DJF), 23-584 (PJS/DJF), 23-585 (PJS/DJF), 23.-586 (PJS/DJF), 23-587 (PJS/DJF), 23-588 (PJS/DJF), 23-590 (PJS/DJF), 23- 591 (PJS/DJF), 23-592 (PJS/DJF), 23-593 (PJS/DJF), 23-594 (PJS/DJF), 2023 WL 2728821, (D. Minn. March 31, 2023.) This Omnibus Order mirrors the March 31, 2023 Omnibus Order.

[2]   In addition to the fifteen cases Strike 3 filed in this District in March 2023, Strike 3 similarly filed eight nearly identical cases against John Doe Defendants in March 2018: *Strike 3 Holdings, L.L.C. v. Doe*, Civ. No. 18-768 (DSD/FLN), 2018 WL 1924455 (D. Minn. Apr. 24, 2018); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-771 (DWF/HB), 2018 WL 2278110 (D. Minn. May 18, 2018); *Strike 3 Holdings, L.L.C. v. Doe*, Civ. No. 18-773 (JRT/DTS), slip op. (D. Minn. Apr. 30, 2018); *Strike 3 Holdings, LLC v. John Doe*, Civ. No. 18-774 (DWF/DTS), 2018 WL 4210202 (D. Minn. Sept. 4, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-00775 (PJS/SER) slip. op. (D. Minn. May 25, 2018); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-777 (JRT/BRT), 2018 WL 2078707, at *4 (D. Minn. May 4, 2018); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-

In each case, Strike 3 alleges a John Doe Defendant ("Defendant") committed copyright infringement by unlawfully downloading and distributing Strike 3's copyrighted movies.[3]  (ECF No. 1 ¶ 4.)  Strike 3 distributes its copyrighted movies through adult websites and DVDs.  (*Id.* ¶ 3.)  Strike 3 alleges each Defendant used a BitTorrent file distribution protocol to download the movies and illegally distribute them over the internet.  (*Id.* ¶ 4.)  Strike 3 states that it operates a proprietary infringement detection system ("VXN"), which monitored and detected that each Defendant's IP address was illegally distributing one or more of Strike 3's copyrighted works.  (*Id.* ¶¶ 27-39.)  Strike 3 has not been able to identify any Defendant other than by his or her IP address, but it alleges each Defendant's Internet Service Provider ("ISP") is able to identify the alleged infringer by name and address using the IP address.  (*Id.* ¶¶ 5, 12.)

In each of the fourteen cases, Strike 3 filed a substantively similar Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion").[4]  (*See, e.g.,*

_____

778 (PJS/HB), 2018 WL 2278111, at *5-6 (D. Minn. May 18, 2018)and *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-779 (WMW/SER), slip op. at 8-10 (D. Minn. May 25, 2018).

[3]  The Court has reviewed all of the Complaints Strike 3 filed in April 2023 and notes they are nearly identical, save for the IP addresses linked to each Defendant, Defendant's Internet Service Provider, and the number of works each Defendant allegedly infringed.  Moreover, the Motion and supporting documents Strike 3 filed in each case are also substantively similar.  Therefore, for ease of reference, the Court cites only to the docket entries filed in *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1014 (PJS/DJF).

[4]  Strike 3 filed the Motion in thirteen cases on April 28, 2023: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1014 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1017 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1019 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1024 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1026 (PJS/DJF, (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1027 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1164 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1165 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1167 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1168 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1169 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1171 (PJS/DJF), (ECF No. 5); and *Strike 3 Holdings,*

*Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1014 (PJS/DJF) (ECF No. 6).  Strike 3 contends that

because VXN can identify each Defendant only by an IP address assigned by his or her ISP, the

ISP is the only party with the information necessary to identify Defendant by correlating the IP

address with Defendant's identity.  (ECF No. 7 at 1-2.)  Strike 3 seeks leave to serve limited,

immediate discovery on each Defendant's ISP so that Strike 3 may learn the Defendant's identity,

investigate the Defendant's role in the alleged infringement, and effectuate service on the

Defendant.  (*Id.*)  To accomplish this, Strike 3 seeks leave to serve a Rule 45 subpoena on each

Defendant's ISP before a Rule 26(f) conference is held in this matter.[5]  (*Id.* at 2.)

## DISCUSSION

### I.   Legal Standard

Litigants generally "may not seek discovery from any source before the parties have

conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or

---

*LLC v. Doe*, No. 23-cv-1172 (PJS/DJF), (ECF No. 5).  Strike 3 filed the Motion in the remaining case on May 1, 2023: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1021 (PJS/DJF), (ECF No. 12).

[5]  Strike 3 identifies Comcast Cable as the ISP in the following cases: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1014 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv- 1017 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1019 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1024 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1164 (PJS/DJF), (ECF No. 5); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1167 (PJS/DJF), (ECF No. 5); ); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1171 (PJS/DJF), (ECF No. 5); and *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1172 (PJS/DJF), (ECF No. 5).

Strike 3 identifies US Internet Corp as the ISP in the following cases: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1021 (PJS/DJF), (ECF No. 12); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv- 1026 (PJS/DJF), (ECF No. 6); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1027 (PJS/DJF), (ECF No. 6); and *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1165 (PJS/DJF), (ECF No. 5)*.*

Strike 3 identifies Spectrum as the ISP in the following cases: *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1168 (PJS/DJF), (ECF No. 5); and *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1169 (PJS/DJF), (ECF No. 5).

by court order." Fed. R. Civ. P. 26(d)(1).  Expedited discovery may be warranted, though, in cases in which the defendant's identity is unknown.  *See, e.g.*, *Minnetonka Moccasin Co., Inc. v. Does*, Civ. No. 22-87 (PJS/TNL), 2022 WL 1055746, at *2 (D. Minn. Apr. 8, 2022) (citing *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-778 (PJS/HB), 2018 WL 2278111, at *3 (D. Minn. May 18, 2018)).  Although the Eighth Circuit has not articulated a standard governing when expedited discovery is appropriate, Courts in this District typically apply a "good cause standard." *Council on Am.-Islamic Rels.—Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020).

"Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, in consideration of administration of justice, outweighs prejudice to the responding party."  *Id.* at 380 (internal quotation marks and citation omitted).  In similar cases Strike 3 filed in 2018 and 2023, courts in this district applied the factors set forth in *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010):

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

Based on these factors, the courts in the majority of these cases found expedited discovery was appropriate.  *See, e.g.*, *Strike 3 Holdings*, 2023 WL 2728821, at *3 (D. Minn. March 31, 2023) (finding good cause under *Arista Records* factors to allow expedited discovery); *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 556 (D. Minn. 2019) (vacating order that denied Strike 3's motion for leave to serve a third-party subpoena based on *Arista Records* factors); *Strike 3 Holdings, LLC v. John Doe*, Civ. No. 18-774 (DWF/DTS), 2018 WL 4210202, at *2-3 (D. Minn. Sept. 4, 2018) (same); *Strike 3 Holdings, LLC v. Doe,* Civ. No. 18-777 (JRT/BRT), 2018 WL 2078707, at *1-3 (D. Minn. May 4, 2018) (finding good cause under *Arista Records* factors to allow expedited

discovery); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-771 (DWF/HB), 2018 WL 2278110, at *5 (D. Minn. May 18, 2018) (same); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-778 (PJS/HB), 2018 WL 2278111, at *5-6 (D. Minn. May 18, 2018) (same); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-779 (WMW/SER), slip op. at 8-10 (D. Minn. May 25, 2018) (same); *but see, Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 606, 610 (D. Minn. 2018) (denying motion to serve a third-party subpoena based on privacy concerns), *vacated Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 556 (D. Minn. 2019); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-774 (DWF/DTS), slip op. (D. Minn. April 30, 2018) (same), *vacated Strike 3 Holdings, LLC v. John Doe*, Civ. No. 18-774 (DWF/DTS), 2018 WL 4210202, at *2-3 (D. Minn. Sept. 4, 2018); *Strike 3 Holdings, LLC, v. Doe*, Civ. No.18-768 (DSD/FLN), 2018 WL 1924455 (D. Minn. Apr. 24, 2018).

Applying the *Arista Records* factors to the fourteen cases now before the Court, the Court concludes expedited discovery is warranted because: (1) Strike 3 has stated an actionable claim for copyright infringement;[6] (2) the discovery request is specific in that it seeks only each Defendant's name and address; (3) there are no alternative ways to obtain the information;[7] (4) the

---

[6] "The elements of copyright infringement are: (1) ownership of a valid copyright; and (2) copying of original elements of the copyrighted work." *Warner Bros. Entm't v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011). Strike 3 sufficiently alleges that it is the owner of copyrighted works; that Defendant copied and distributed the works owned by Strike 3; and that Strike 3 did not authorize Defendant's distribution of the copyrighted works. (ECF No. 1 ¶¶ 2, 4, 43, 45.)

[7] While the Digital Millennium Copyright Act ("DMCA") establishes a procedure enabling a copyright holder to obtain and serve subpoenas on ISPs for identification of an alleged infringer under certain conditions, the Eighth Circuit held that the process does not apply when, as in these cases, an ISP merely acts as a conduit for data transferred between two internet users. *In re Charter Communications*, 393 F.3d 771, 775-77 (8th Cir. 2005). When an ISP acts only as a conduit, the Eighth Circuit endorsed the procedure Strike 3 employed here, namely, to identify alleged infringers by filing a "John Doe" lawsuit, along with a motion for third-party discovery of the identity of the otherwise anonymous "John Doe" defendant. *Id.* at 775 n.3.

case cannot proceed without each Defendant's identity; and (5) with appropriate privacy guardrails in place as set forth below, Strike 3's right to use the judicial process to pursue its copyright claims outweighs each Defendant's expectation of privacy.

The Court is cognizant of the risk that that a Defendant subscriber may not be the actual infringer, and yet could be implicated in a case involving sensitive and potentially embarrassing subject matter. *Strike 3 Holdings*, 2023 WL 2728821, at *3 (D. Minn. March 31, 2023); *Strike 3 Holdings, LLC,* 2018 WL 4210202, at *2 (D. Minn. Sept. 4, 2018); *see also Media Prods., Inc. v. Does 1–26*, No. 12-cv-3719, 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer.")  In light of these valid privacy concerns, the Court will issue a limited protective order to protect the rights of each unnamed Defendant subscriber, as set forth below.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.118.118.215*, No. 23-cv-1014 (PJS/DJF), (ECF No. [6]), is **GRANTED** as set forth in paragraphs 15-20 below.

2.  Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.164.27.206*, No. 23-cv-1017 (PJS/DJF), (ECF No. [6]); is **GRANTED** as set forth in paragraphs 15-20 below.

3.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 69.180.154.71*, No. 23-cv-1019 (PJS/DJF), (ECF No. [6]); is **GRANTED** as set forth in paragraphs 15-20 below.

4.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 204.209.14.54*, No. 23-cv-1021 (PJS/DJF), (ECF No. [12]), is **GRANTED** as set forth in paragraphs 15-20 below.

5.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.65.18.61*, No. 23-cv-1024 (PJS/DJF), (ECF No. [6]), is **GRANTED** as set forth in paragraphs 15-20 below.

6.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.50.210.100*, No. 23-cv-1026 (PJS/DJF, (ECF No. [6]), is **GRANTED** as set forth in paragraphs 15-20 below.

7.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 198.74.4.193*, No. 23-cv-1027 (PJS/DJF), (ECF No. [6]), is **GRANTED** as set forth in paragraphs 15-20 below.

8.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe*

*subscriber assigned IP address 73.185.140.128*, No. 23-cv-1164 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

9.  Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 23.88.132.19*, No. 23-cv-1165 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

10. Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 75.72.247.49*, No. 23-cv-1167 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

11.  Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 66.188.194.158*, No. 23-cv-1168 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

12. Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 96.42.102.222*, No. 23-cv-1169 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

13.  Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 76.113.240.67*, No. 23-cv-1171 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

14.   Plaintiff Strike 3 Holdings, LLC's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.164.62.34*, No. 23-cv-1172 (PJS/DJF), (ECF No. [5]), is **GRANTED** as set forth in paragraphs 15-20 below.

15.   Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on the Defendant's Internet Service Provider, seeking only the name and address of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in ECF No. 1-1, Exhibit A, to Plaintiff's Complaint.

16.   The subpoena must provide a minimum of **sixty (60) days'** notice before any production is required and shall be limited to one category of documents identifying the particular subscriber identified in the Complaint.  The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in Exhibit A to the Complaint (ECF No. 1-1).  The Internet Service Provider may seek a protective order if it determines there is a legitimate basis for doing so.

17.   The Internet Service Provider shall have **fourteen (14) calendar days** after service of the subpoena to notify the subscriber that Plaintiff has subpoenaed the subscriber's identity.  The subscriber whose identity has been subpoenaed shall then have **forty-five (45) calendar days** from the date of the notice to seek a protective order, file any responsive pleading, or both.

18.   Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order on the Internet Service Provider.  The Internet Service Provider, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.  When providing its response or objection to the subpoena, the Internet Service Provider must certify that it has provided a copy of this Order and the required

notice to the subscriber and state the date such notice was provided.  No other discovery is authorized at this time.

19.     Plaintiff must not publicly disclose the information disclosed in response to the subpoena until the Defendant has had an opportunity to file a motion with the Court allowing the Defendant to proceed in this litigation anonymously, and the Court rules on any such motion.  If the Defendant does not file a motion for leave to proceed anonymously within **forty-five (45) calendar days** after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire.  If the Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the request temporarily filed under seal until the Court rules on the request and considers whether such materials should remain under seal.

20.     On or before July 12, 2023, Plaintiff shall file a status report in each of the fourteen cases addressed in this Order.  The status report shall outline the progress of the discovery authorized by this Order and must not include any information regarding the Defendant's identity.

Dated: May 10, 2023                         *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge

14